IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNETTE SOTO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 18-CV-4337 |
| ) | |
| vs. ) | JUDGE JOHN Z. LEE |
| ) | |
| KAREN YARBROUGH, in her Individual ) | MAGISTRATE MARY M. ROWLAND |
| Capacity, ERWIN ACOX, JR., in his ) | |
| Individual Capacity, COOK COUNTY ) | |
| RECORDER OF DEEDS OFFICE, ) | |
| and COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT KAREN YARBROUGH'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, LTD., and in support of her opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint states as follows:

### I. BACKGROUND

On October 12, 2018, Plaintiff filed her First Amended Complaint against Defendants Karen Yarbrough ("Yarbrough"), Erwin Acox, Jr. ("Acox"), Cook County Recorder of Deeds Office ("Recorder's Office") and Cook County ("County") (collectively, the "Defendants") alleging violations of Section 1983 and the *Shakman* Decrees ("First Amended Complaint"). D.E. #18. Defendant Yarbrough filed her Motion to Dismiss Plaintiff's First Amended Complaint on December 28, 2018. ("Defendant's Motion") D.E. #34.

Defendant's Motion asserts that Plaintiff's allegations against Yarbrough are conclusory and that Plaintiff fails to allege that she engaged in speech as a citizen on a matter of public concern. Both assertions are not supported. Plaintiff has alleged sufficient facts to show

1

Yarbrough's personal involvement in the pretextual employment actions taken against Plaintiff, separate and apart from Acox's involvement. None of these alleged facts are conclusory; rather, they allege specific details to establish a cause of action against Yarbrough. Plaintiff has further alleged facts to establish that she complained about political discrimination. Plaintiff made these complaints outside of her job duties because she was complaining about political discrimination to an outside agency empowered to monitor political discrimination. Therefore, this Honorable Court should deny the Defendant's Motion.

## II. RELEVANT FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

Plaintiff began working as the Director of Human Resources in the Recorder's Office on October 31, 2016. (¶12)[1]. At all times relevant, Yarbrough was the Cook County Recorder of Deeds. (¶8). Acox was the Chief of Human Resources for the Cook County Recorder of Deeds. (¶9). Plaintiff is not politically affiliated with Yarbrough. Yarbrough was aware that Plaintiff was not politically affiliated with her. (¶13).

In February 2017, Plaintiff began monitoring employee time and attendance as part of her duties. (¶14). Plaintiff submitted an incident report to Acox informing him that Linda Tyson, an employee politically connected to Yarbrough, was repeatedly tardy and violated the Recorder Office's time and attendance policy. (¶15).

On March 17, 2017, Plaintiff met with Acox to discuss her 90-day evaluation. (¶18). Plaintiff disagreed with her 90-day evaluation. (¶19). Plaintiff's 30 and 60-day evaluations were significantly better than her 90-day evaluation. (¶19). The negative evaluation provided to Plaintiff was false. (¶20). At all times, Plaintiff met her employer's legitimate employment expectations. (¶20). Shortly after her 90-day evaluation, on or about March 20, 2017, Plaintiff complained to

---

[1] All citations to ¶ refer to the numbered paragraphs of Plaintiff's First Amended Complaint (D.E. #18).

Recorder's Compliance Director ("RCA"), Matthew Pryor ("Pryor"), that she believed she received a negative 90-day evaluation due to unlawful political discrimination based upon her lack of political affiliation with Yarborough. (¶21).

In mid and late-March 2017, Plaintiff was asked to assist with the hiring process for a new Director of Compliance ("DOC") in the Recorder's Office. (¶22). On March 23, 2017, Yarbrough selected an individual named Kevin Thomas ("Thomas") to be the DOC. (¶28). Thomas was an individual personally known by Acox. (¶28). Thomas was the second ranked person on Plaintiff's completed candidate rankings. (¶28). Since Thomas was not the first ranked candidate, Yarbrough had to complete a statement explaining why she did not select the first ranked candidate. (¶28).

Plaintiff informed Acox that Thomas was selected for the DOC position. (¶29). Plaintiff informed Acox that she still had to receive Yarbrough's explanation letter for why Thomas was selected over the first ranked candidate for the DOC position. (¶29). Acox then asked Plaintiff to give him the interview materials for Thomas and the other candidates. (¶29). Plaintiff told Acox, "I thought you recused yourself from the [interview] process." (¶29). On March 23, 2017, Plaintiff spoke with Pryor regarding the selection of Thomas. (¶30). Pryor informed Plaintiff that it was not proper for Acox to be involved in the selection of Thomas. (¶30).

On March 24, 2017, Yarbrough terminated the Plaintiff's employment. (¶32). Yarbrough retaliated against Plaintiff for recommending discipline for a politically connected employee, making complaints to the RCA, and participating in an investigation of political discrimination when she knowingly, willfully or recklessly terminated Plaintiff's employment. (¶34). Yarborough further discriminated against Plaintiff based on politics when she terminated her employment due to her failure to politically support Yarborough. (¶34).

Plaintiff engaged in the exercise of her rights under the First Amendment when he remained politically neutral to Yarbrough and not politically affiliated with her. (¶40). At the time of Plaintiff's termination, the director of human resources position was not a position exempt from protections against politically based employment decisions. (¶41). Yarbrough deprived Plaintiff of her right to enjoy her employment free from political interference. (¶42).

Yarbrough denied Plaintiff her rights under the First and Fourteenth Amendment when she falsely evaluated and terminated the Plaintiff based upon political reasons or factors, including her lack of affiliation with Yarbrough. (¶43). Yarbrough terminated the Plaintiff so that she could hire someone politically affiliated into the DOC position. (¶43). Yarbrough retaliated against Plaintiff for exercising her right to complain of political discrimination under the First Amendment when she terminated her employment after Plaintiff complained to the RCA of political discrimination on several occasions, including on March 20, 2017 and March 23, 2017, and participated in investigations relating to potential political discrimination. (¶46).

On August 8, 2018, the Office of the Independent Inspector General ("OIIG") issued a finding that "…the evidence demonstrates that impermissible political factors were considered with respect to the employment decision to terminate Ms. Soto….". (¶35).

### III. STANDARD OF REVIEW

A complaint does not have to set forth all relevant facts or recite the law. The Federal Rules of Civil Procedure only require that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint must

describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and it must plausibly suggest, above a "speculative level," that the plaintiff has a right to relief. *Id.* A claim is plausible when the alleged facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Pof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998).

## IV.   ARGUMENT

Hiring, firing, or transferring government employees based on political motivation violates the First Amendment. *Hall v. Babb,* 389 F.3d 758, 762 (7th Cir.2004); *see also Rutan v. Republican Party of Ill.,* 497 U.S. 62, 64, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). To establish a *prima facie* case of political discrimination, Plaintiff must show: (1) that her conduct was constitutionally protected; (2) that he suffered an actionable deprivation; and (3) that the protected conduct was a but-for cause of the adverse employment action. *See Gunville v. Walker,* 583 F.3d 979, 984, n. 1 (7th Cir. 2009). "It is undisputed that political nonaffiliation is a right protected under the first amendment." *Hermes v. Hein,* 742 F.2d 350, 354 n. 3 (7th Cir. 1984) (citing *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)).

Defendant argues that the allegations against Yarbrough in Plaintiff's First Amended Complaint are conclusory. This is not true. Plaintiff's Amended Complaint contains specific factual allegations showing that Yarbrough discriminated against Plaintiff based on illegal political discrimination. Thus, Defendant's Motion should be denied.

**I. PLAINTIFF HAS ASSERTED ENOUGH FACTS TO BRING A CAUSE OF ACTION UNDER SECTION 1983 AGAINST YARBROUGH**

Yarbrough argues that Plaintiff's First Amended Complaint is conclusory because "Plaintiff only alleges that Yarbrough approved Acox's recommendation to terminate her employment." Defendant's Memorandum of Law, Dkt #34, pg. 3. Defendant further claims that Plaintiff has not asserted any facts to support her allegation that Yarbrough was motivated by illegal political discrimination or retaliation, or that she knew about Acox's illegal political purposes. *Id*. Neither of these arguments are supported.

Plaintiff never asserts in his complaint that Yarbrough merely "approved" Acox's recommendation to terminate Plaintiff's employment. Rather, Plaintiff alleges that Yarbrough personally terminated Plaintiff. (¶¶32, 43, 46). Plaintiff further alleges numerous facts about Yarbrough's involvement, including her awareness of Plaintiff's non-affiliation with her, her selection of the new Director of Compliance for potentially political reasons, and her awareness of Plaintiff's complaints of political discrimination. (¶¶13, 28, 34). Plaintiff directly alleges that Yarbrough discriminated against Plaintiff based on politics when she terminated her employment due to her failure to politically support Yarborough. (¶43). She further alleges that Yarbrough retaliated against her for recommending discipline for a politically connected employee, making complaints to the RCA, and participating in an investigation of political discrimination. (¶46).

Plaintiff's allegations are not conclusory because she does not merely recite the elements of a claim of political discrimination or retaliation. There is nothing conclusory or speculative

6

about Plaintiff's allegations that Yarbrough took negative employment actions against the Plaintiff. Plaintiff supports each of these allegations with facts outlining how Plaintiff disciplined a Yarbrough political appointee, how Yarbrough attempted to hire her own Director of Compliance, and how Plaintiff's complaints to the RCA led to her termination. Plaintiff's allegations are also based, in part, on the OIIG's determination "…the evidence demonstrates that impermissible political factors were considered with respect to the employment decision to terminate Ms. Soto." (¶35).

A complaint is plausible if it contains facts that "raise a reasonable expectation that discovery will reveal evidence." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly,* 550 U.S. at 556). Plaintiff has alleged more than enough facts to establish a plausible claim against Yarbrough. Plaintiff has alleged that Yarbrough was directly responsible for each of the negative employment actions taken against Plaintiff by "knowingly, willfully or recklessly causing" those actions, or failing to act to prevent those actions. *See McPhaul v. Board of Com'rs of Madison County,* 226 F.3d 558, 566 (7th Cir. 2000). The OIIG's finding in Plaintiff's favor shows that these allegations are more than plausible.

Plaintiff's "pleading burden should be commensurate with the amount of information available to her." *Bausch v. Stryker Corp.,* 630 F.3d 546, 561 (citation and internal quotation marks omitted). The fact that Plaintiff pleads more allegations against Acox than Yarbrough does not imply in any sense that these allegations are not plausible. Rather, those allegations are based upon the amount of information available to Plaintiff at this time. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, Plaintiff's allegations, if taken as true, meet the requirements of *Twombly* and *Iqbal* and Defendants' Motion should be denied.

**III.    PLAINTIFF PROPERLY ALLEGED THAT SHE ENGAGED IN SPEECH AS A CITIZEN ON A MATTER OF PUBLIC CONCERN**

Count II of Plaintiff's First Amended Complaint alleges that Yarbrough retaliated against Plaintiff for exercising her right to complaint of political discrimination under the First Amendment when she terminated Plaintiff's employment after Plaintiff complained to the RCA about political discrimination and participated in investigations related to political discrimination. (¶46).

Defendant argues that Plaintiff's claims against Yarbrough must be dismissed because Plaintiff's complaints were made in the course of her job duties on matters of personal, rather than public, concern. D.E #34, pg. 4. Defendant states that Plaintiff complained about Acox's supervision. *Id*. However, this does not accurately describe the nature of Plaintiff's complaints. Plaintiff's complaints were not based on internal workplace disputes. Rather, they involved political favoritism and discrimination by public employees. Plaintiff complained to the RCA that she faced political discrimination because of her lack of political affiliation with Yarbrough. (¶21). Several days later, Plaintiff complained to the RCA again about improper political influence in the hiring process for the DOC position, which led to Acox's removal from the Director of HR position one day before Plaintiff's termination. (¶30)

When Plaintiff complained to the RCA, she did not make these complaints as part of her job duties. An employee such as Plaintiff is *not* speaking pursuant to her official duties when she "reports misconduct outside established channels" or reports something for which she did not have any formal responsibilities. *Spalding v. City of Chicago*, 186 F. Supp. 3d 884, 904 (N.D. Ill. 2016); *see also Rose v. Haney*, No. 16 CV 5088, 2017 WL 1833188, at *5 (N.D. Ill. May 8, 2017). Plaintiff had no formal responsibilities to report to the RCA—a separate and independent body that monitors political corruption. *See Kristofek v. Vill. of Orland Hills*, 832 F.3d 785, 793 (7th

8

Cir. 2016) ("[W]e must be especially careful in concluding that employees have spoken pursuant to their official duties when the speech concerns allegations of public corruption."). Further, while Plaintiff's initial complaint did involve her evaluation, courts have repeatedly observed that although "a statement born of pure personal interest does not constitute a public concern, a mere personal aspect of the speaker's motivation will not defeat the entire speech." *Miller*, 444 F.3d at 937; *cf. Marshall v. Porter Cnty. Plan Comm'n*, 32 F.3d 1215, 1219 (7th Cir. 1994) (observing that "[i]t is often the case that those who speak out are also involved in personal disputes with employers and other employees"). Thus, Plaintiff's complaints regarding discrimination made to the RCA regarding politically connected employees in the Recorder's Office clearly do not fall under her regular job duties.

Plaintiff's complaint also involved matters of a public concern. The Supreme Court has defined "public concern" to mean "legitimate news interest," or "a subject of general interest and of value and concern to the public at the time of publication." *Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 684 (7th Cir. 2014) (quoting *City of San Diego v. Roe*, 543 U.S. 77, 83-84 (2004)). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement[.]" *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). The content of Plaintiff's complaints to the RCA—that she was given a false evaluation because she was not politically connected to Yarbrough and that the hiring process for the DOC involved political favoritism—clearly involved a matter of public concern. *See, e.g.*, *Miller v. Jones*, 444 F.3d 929, 936 (7th Cir. 2006) ("Our cases have consistently held that speech alleging government malfeasance addresses matters of public concern in its substance."); *cf. Garcetti*, 547 U.S. at 425, 126 S.Ct. 1951. The RCA issues public reports to the Federal Court overseeing the *Shakman* case against the Recorder's Office. The public has a right to know if politics are being

9

improperly used in disciplinary and hiring decisions made within a publicly elected office that us under a consent decree. Accordingly, Plaintiff's claims against Yarbrough in her First Amended Complaint should not be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff submits that Defendant Yarbrough's Motion to Dismiss should be denied in its entirety. However, if the Court should grant Defendant's Motion, Plaintiff requests that the Court do so without prejudice and grant Plaintiff leave to file an amended complaint consistent with the Court's findings.

Respectfully submitted,

s/ Jonathan R. Ksiazek
Attorney for Plaintiff

Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
jksiazek@efoxlaw.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANNETTE SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 18-CV-4337 |
| | ) | |
| vs. | ) | JUDGE JOHN Z. LEE |
| | ) | |
| KAREN YARBROUGH, in her Individual | ) | MAGISTRATE MARY M. ROWLAND |
| Capacity, ERWIN ACOX, JR., in his | ) | |
| Individual Capacity, COOK COUNTY | ) | |
| RECORDER OF DEEDS OFFICE, | ) | |
| and COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

To:     Timothy L. Swabb
Assistant State's Attorney
Civil Actions Bureau – Labor & Employment Litigation
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602

Miguel Larios
Assistant State's Attorney
Conflicts Counsel Unit
Cook County State's Attorney's Office
69 West Washington, Ste. 2030
Chicago, IL 60602

    **PLEASE TAKE NOTICE** that on January 28, 2019, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S RESPONSE TO DEFENDANT KAREN YARBROUGH'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**, service of which is being made upon you.

                                                     s/ Jonathan R. Ksiazek
                                                     Jonathan R. Ksiazek
                                                     ED FOX & ASSOCIATES
                                                     Attorneys for Plaintiff
                                                     300 West Adams, Suite 330
                                                     Chicago, Illinois 60606
                                                     (312) 345-8877

## **PROOF OF SERVICE**

      I, Jonathan R. Ksiazek, an attorney, under penalty of perjury, state that on January 28, 2019 service is being made in accordance with the General Order on Electronic Case Filing section XI.

                                                        s/ Jonathan R. Ksiazek
                                                        Jonathan R. Ksiazek