UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNETTE SOTO,<br><br>        Plaintiff,<br><br>   v.<br><br>KAREN YARBROUGH, in her individual capacity; ERWIN ACOX, JR., in his individual capacity; COOK COUNTY RECORDER OF DEEDS OFFICE; and COOK COUNTY,<br><br>        Defendants. | No. 18 C 4337<br><br>Judge John Z. Lee |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ERWIN ACOX, JR.'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

Date:  August 16, 2019

Respectfully submitted,

**KIMBERLY M. FOXX**
State's Attorney of Cook County

*/s/ Miguel E. Larios*
Miguel E. Larios
Assistant State's Attorney
Conflicts Counsel Unit
Cook County State's Attorney's Office
50 West Washington Street, Suite 2760
Chicago, Illinois 60602
(312) 603-1434
Miguel.Larios@cookcountyil.gov

*Counsel for Defendant Erwin Acox, Jr.*

Defendant Erwin Acox, Jr. ("Defendant Acox"), by and through his attorney, Kimberly M. Foxx, State's Attorney of Cook County, pursuant to FED. R. CIV. P. 12(c), and for Defendant Acox's Memorandum of Law in Support of His Motion for Judgment on the Pleadings, states as follows:

## INTRODUCTION

Plaintiff Jeannette Soto ("Plaintiff") brought suit against Karen Yarbrough (the former Cook County Recorder of Deeds and current Cook County Clerk), Erwin Acox, Jr., the Cook County Recorder of Deeds Office,[1] and Cook County (collectively, the "Defendants"), pursuant to 42 U.S.C. § 1983, alleging that Defendants discriminated and retaliated against Plaintiff on the basis of her lack of political affiliation. (Pl. Am. Compl., dkt. 18). On December 20, 2018, Defendant Acox filed his responsive pleading asserting *inter alia* qualified immunity as one of his affirmative defenses. (Def. Ans., Dkt. 30 at 16). Defendant Acox now moves for judgment on the pleadings as to Counts I and II[2] pursuant to Rule 12(c) based upon the doctrine of qualified immunity. For the reasons that follow, Defendant Acox is entitled to judgment in his favor and against Plaintiff.

---

[1] In November 2016, the electorate voted to consolidate the Recorder of Deeds into the County Clerk, effective December 7, 2020. *See* The Civic Federation, *Cook County Electorate Approves Ballot Measure to Merge Recorder of Deeds and County Clerk*,https://www.civicfed.org/civic-federation/blog/cook-county-electorate-approves-ballot-measure-merge-recorder-deeds-and-county/ (Nov. 9, 2016).

[2] Counts I and II are the only counts against Defendant Acox. Count III is brought against the Recorder's Office only and Count IV is brought against Cook County only. *See* dkt. 18.

1

## FACTUAL BACKGROUND

Plaintiff alleges that she began working as the Director of Human Resources at the Cook County Recorder of Deeds (the "Recorder's Office") on October 31, 2016. (Dkt. 18, at ¶ 12). Plaintiff alleges that she is not politically affiliated with Defendant Yarbrough. (*Id.* ¶ 13). Plaintiff, who reported to Defendant Acox, alleges that she was discriminated against in the following ways: (1) Defendant Acox did not act on a report Plaintiff submitted regarding attendance issues (*id.* at ¶¶ 15-16); (2) Defendant Acox excluded Plaintiff from meetings and gave her poor performance reviews. (*Id.* at ¶¶ 17-20). She received a negative job evaluation a few months into the job and believed this to be discrimination. (*Id.* at ¶¶ 18, 21).

Plaintiff was asked to assist in the hiring for a new Director of Compliance for the Recorder's Office. (*Id.* at ¶ 22). She voiced concerns about Defendant Acox's input in the hiring process. (*Id.* at ¶ 30). Plaintiff's task was to review applicants and categorize them as qualified or not. (*Id.* at ¶ 23). Plaintiff alleges that Defendant Acox, who was "not supposed to be involved" in this process, "indicated to Plaintiff that there were a few candidates" that she incorrectly categorized as not qualified. (*Id.* at ¶¶ 23, 25). After the interviews, Plaintiff entered the candidates' names into a spreadsheet by rank, and Defendant Acox asked Plaintiff to show him the spreadsheet. (*Id.* at ¶ 27). After four months and 24 days at the Recorder's Office, Defendants Acox and Yarbrough terminated Plaintiff's employment stating that she was an "at will employee," that it was "not working out," and that she was still within her six-month probationary period. (*Id.* at ¶ 32).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for analyzing a motion for judgment on the pleadings is the same as that for dismissing a complaint for failure to state a claim under Rule 12(b)(6): "the complaint must state a claim that is plausible on its face." *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015); *Gill v. City of Milwaukee*, 850 F.3d 335 (7th Cir. 2017). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions and conclusory allegations are not entitled to a presumption of truth because a plaintiff must "provide some specific facts to support the legal claims asserted in the complaint." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

**Defendant Acox Is Entitled To Qualified Immunity As A Matter of Law**

Defendan Acox, as the former Chief of Human Resources for the Cook County Recorder of Deeds' Office, has been sued in his individual capacity. (Dkt. 18, at ¶ 9). Defendant Acox therefore has the right to immunity from suit in this capacity. Qualified immunity protects public officials such as Defendant Acox who perform discretionary functions from liability and from suit for actions that do not violate clearly established constitutional law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Officials like Defendant Acox are protected from liability when they

3

reasonably believe their actions are lawful. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). "Qualified immunity protects officers performing discretionary functions from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would know about." *Mustafa v. City of Chi.*, 442 F.3d 544, 548 (7th Cir. 2006).

The United States Supreme Court has set forth a two-step inquiry to determine whether a government official is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Akande v. Grounds*, 555 F. 3d 586, 589-90 (7th Cir. 2009). First, a court must decide whether the facts alleged by the plaintiff set forth a violation of a constitutional right. If the facts show that the conduct did not violate a clearly established constitutional right, immunity applies and the court need not proceed to the second step. *Saucier*, 533 U.S. at 202; *Akande*, 555 F.3d at 590. If the plaintiff establishes the first prong, the court must determine whether the right was "clearly established at the time of the defendant's alleged misconduct." *Akande*, 555 F.3d at 590. "The relevant inquiry in determining whether a right is clearly established is whether a reasonable person in the official's position would have appreciated that her conduct was illegal under the circumstances." *Greene v. Cook Cty. Sheriff's Office*, 79 F. Supp. 3d 790, 813 (N.D. Ill. 2015) (citing *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *Seiser v. City of Chicago*, 762 F.3d 647, 659 (7th Cir. 2014)).

Here, Plaintiff wholly fails to set forth facts supporting a finding that Defendant Acox violated any constitutional right of Plaintiff, as argued above.

4

Moreover, Plaintiff has failed to plead any facts that would make it clear to Defendant Acox that Plaintiff's constitutional right was clearly established when he, along with Defendant Yarbrough, terminated Plaintiff's employment. *See Foggey v. City of Chi.*, No. 16 C 10963, 2018 U.S. Dist. LEXIS 18225, *24-*25 704688 (N.D. Ill. Feb. 5, 2018) (Shah, J.) (applying qualified immunity where plaintiff did not "sufficiently alleged a deprivation of a constitutional right."); *Benedix v. Vill. of Hanover Park, Ill.*, 677 F.3d 317, 320 (7th Cir. 2012) ("[W]e have held that a government worker who had a close relationship and direct access to a policymaker held a confidential position and thus was not protected from termination for political reasons."). The Seventh Circuit has made clear that not everything that makes an employee unhappy is an actionable adverse employment action. *Nichols v. Southern Ill. Univ. Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007). Courts in the Seventh Circuit must distinguish meritorious cases from "trivial personnel action[s]" brought by "irritable, chip-on-the-shoulder employee[s]" such as Plaintiff. *Lewis v. City of Chi.*, 496 F.3d 645, 653 (7th Cir. 2007). Because Plaintiff has failed to support her claims in Counts I and II, Defendant Acox should be dismissed as an individual defendant based on the defense of qualified immunity.

**WHEREFORE**, Defendants Erwin Acox, Jr. respectfully requests that this Honorable Court dismiss Plaintiff's First Amended Complaint as to Counts I and II, and grant such further relief that this Court deems necessary.

5

Date: August 16, 2019 	Respectfully submitted,

**KIMBERLY M. FOXX**
State's Attorney of Cook County

By: 	*/s/ Miguel E. Larios*
Miguel E. Larios
Assistant State's Attorney
Conflicts Counsel Unit
Cook County State's Attorney's Office
50 West Washington Street, Suite 2760
Chicago, Illinois 60602
(312) 603-1434
Miguel.Larios@cookcountyil.gov

*Counsel for Defendant Erwin Acox, Jr.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 16, 2019, he electronically filed the foregoing document with the Clerk of the Court for Northern District of Illinois, using the electronic case filing system of the Court. The electronic case filing system sent notice to the attorneys of record in this case.

*/s/ Miguel E. Larios*
